Zachary Nightingale (California Bar #184501)
Avantika Shastri (California Bar # 233453)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Petitioner
Enrique ROMERO PINTADO
Monica PEREZ SANCHEZ

**FILED**

JUL 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Enrique ROMERO PINTADO, Monica PEREZ SANCHEZ,<br><br>Petitioners,<br><br>v.<br><br>Michael CHERTOFF, in his Official Capacity, Secretary, U.S. Department of Homeland Security; Jonathan SCHARFEN, in his official Capacity, Acting Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Rosemary MELVILLE, in her official capacity, San Francisco District Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Michael B. MUKASEY, in his Official Capacity, Attorney General, U.S. Department of Justice; and Robert S. MUELLER, III, in his Official Capacity, Director, Federal Bureau of Investigation<br><br>Respondents. | Case No. CV 08 3665 PVT<br><br>**Petition for Writ of Mandamus**<br><br><u>IMMIGRATION MANDAMUS CASE,</u><br>Administrative Procedure Act Case<br><br>Agency No.: A87-160-795<br>               A87-160-794 |

Petition for Writ of Mandamus                                                                                            No. _____

## INTRODUCTION

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act. Petitioners Enrique Romero Pintado and Monica Perez Sanchez ("Petitioners") file this action to compel the Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), to adjudicate Petitioners' pending applications for lawful permanent residency by September 30, 2008, or else Petitioners will lose their opportunity to adjust status based on visas obtained through the Diversity Visa 2008 Lottery.

2. Petitioners are citizens and nationals of Spain. Petitioner Romero Pintado was selected to receive an immigrant visa through the Diversity Visa 2008 Lottery ("DV-2008") under INA § 203(c)[1]. In April 2008, Petitioner Romero Pintado's assigned lottery number became current, and he and his wife, Petitioner Perez Sanchez, became eligible to apply for lawful permanent residency. They filed applications for lawful permanent residence on April 11, 2008. Petitioners attended an adjustment of status interview on June 26, 2008, at the San Jose, California USCIS office. At that interview, Petitioners were informed by the CIS officer that their applications for lawful permanent residency were approvable, but were pending due to a FBI name check on Petitioner Romero Pintado.

3. According to the Department of State regulations, Petitioners' applications for lawful permanent residency in the United States <u>must</u> be adjudicated by <u>September 30, 2008</u>, as the DV-2008 Lottery expires on that day. <u>See</u> 22 C.F.R § 42.33(a)(1). After that date, Petitioner's eligibility terminates, and the applications must be denied.

4. Petitioners have properly complied with all requests by the USCIS for biometrics, paid all fees, and timely filed their applications in accordance with INA § 203(c). The delay in processing of Petitioners' applications is due to a pending FBI name check for

---

[1] The Diversity Visa Lottery is a congressionally mandated program which annually makes available 50,000 permanent resident visa's to persons from countries with low rates of immigration to the United States. The lottery is administered by the Department of State and conducted under the terms of Section 203(c) of the Immigration and Nationality Act (INA). <u>See</u> 8 U.S.C. § 1153(c), 22 C.F.R. § 42.33, 66 Fed. Reg. 39435-37 (July 31, 2001).

Petition for Writ of Mandamus        1              No. _____

Petitioner Romero Pintado. It is unreasonable and unlawful for Petitioners to lose the opportunity to become lawful permanent residents of the United States, due to a delay caused by the FBI. Thus, Petitioners file this writ for mandamus action, requesting that the Court order the FBI to complete the name checks and order the USCIS to adjudicate their applications for adjustment of status by September 30, 2008.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

6. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of the Untied States; because a substantial part of the events or omissions giving rise to the claim occurred in San Jose, California, in the Northern District of California; and because Petitioners reside in the Northern District of California and there is no real property involved in this action.

7. Intradistrict Assignment: This action should be assigned to the San Francisco or San Jose Division because a substantial part of the events and omissions giving rise to this claim occurred within the jurisdiction of those divisions. See Local Rules 3-2(c),(d) (e).

## PARTIES

8. Petitioner Enrique ROMERO PINTADO is a citizen and national of Spain. Petitioner resides in Salinas, California, within the jurisdiction of this Court.

9. Petitioner Monica PEREZ SANCHEZ is a citizen and national of Spain. Petitioner resides in Salinas, California, within the jurisdiction of this Court.

10. Respondent Michael CHERTOFF is the Secretary of the Department of Homeland Security and is sued herein in his official capacity. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002). See 8 U.S.C. § 1103.

11. Respondent Jonathan SCHARFEN is Acting Director of United States Citizenship and Immigration Services, and is sued herein in his official capacity. See 8 C.F.R. §§ 2.1, 103.1.

12. Respondent Rosemary MELVILLE is the San Francisco District Director of the United States Citizenship and Immigration Services, and is sued herein in her official capacity. See Id.

13. Respondent Michael B. MUKASEY is the Attorney General of the United States and is sued herein in his official capacity. In this capacity, he has responsibility for providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1105(b) and 1103(g).

14. Respondent Robert S. MUELLER, III, is the Director of the Federal Bureau of Investigation ("FBI") and is sued herein in his official capacity. In this capacity, he has responsibility for maintaining and providing access to criminal history record information.

## FACTUAL ALLEGATIONS

15. Petitioners Romero Pintado and Perez Sanchez bring this action to compel USCIS to adjudicate their Applications to Adjust Status (Form I-485).

16. On July 10, 2006, the United States Embassy in Madrid, Spain issued a J-1 visa for Petitioner Perez Sanchez. See Declaration of Zachary Nightingale ("Nightingale Dec.") at Exhibit ("Exh.") A.

17. On July 24, 2006, Petitioner Perez Sanchez entered the United States, and took up residence in Salinas, California. Id. at Exh. A

18. On October 18, 2006, USCIS approved a petition for a nonimmigrant worker (Form I-129) for Petitioner Romero Pintado's employer Analog Devices, Inc., which Petitioner Romero Pintado received as a beneficiary. Id. at Exh. B

19. On October 30, 2006, the United States Embassy in Madrid, Spain issued an L-1A visa to Petitioner Romero Pintado, valid from October 30, 2006 through October 29, 2009. Id. at Exh. B.

20. On November 8, 2006, Petitioner Romero Pintado entered the United States, and took up residence with Petitioner Perez Sanchez in Salinas, California. Id. at Exh. B.

21. In November 2006, Petitioner Romero Pintado began working in San Jose, California for Analog Devices, Inc., pursuant to the terms of his L-1A visa. Petitioner has been employed since 2000 with Analog Devices, S.L and Analog Devices B.V., which are foreign subsidiaries of Analog Devices, Inc. Id. at Exh. B.

22. In or about November, 2006, Petitioner Romero Pintado applied for the DV-2008 lottery.

23. On April 25, 2007, Petitioner Romero Pintado received notice that he had been selected for further consideration for the DV-2008 lottery for fiscal year 2008 (October 1, 2007 to September 30, 2008). Id. at Exh. B.

24. On February 27, 2008, Petitioner Romero Pintado married Petitioner Perez Sanchez. As Petitioner Romero Pintado's spouse, Petitioner Perez Sanchez can adjust to be a

lawful permanent resident with her husband when his DV-2008 lottery number becomes current. See Cable, DOS (98-State-099723)(June 3, 1998) reprinted in 75 No.22, Interpreter Releases, 815 (June 8, 1998). Id. at Exh. A and B

25. In April 2008 the Visa Bulletin showed that Petitioner Romero Pintado's selection number from the DV-2008 lottery was current. Petitioner Romero Pintado therefore became eligible to submit an application for adjustment of status. Id. at Exh. A.

26. On April 11, 2008, USCIS received Petitioners' Applications for Adjustment of Status (Forms I-485), Applications for Employment Authorization (Forms I-765), and Applications for Travel Documents (Forms I-131). The application packets included a request to expedite adjudication due to the September 30, 2008 deadline for eligibility. Id. at Exh. A-C.

27. On May 29, 2008 Petitioners appeared at the USCIS Salinas Support Center, as requested, for fingerprinting and biometrics. Id. at Exh. D.

28. On June 26, 2008 Petitioners attended an adjustment of status interview at the San Jose, California USCIS office. Petitioners were informed at that interview by the CIS officer that their applications for lawful permanent residency were approvable, but were pending due to a FBI name check on Petitioner Romero Pintado. Petitioner Perez Sanchez's name check was complete, but since she is a dependent applicant, her case could not be completed until Petitioner Romero Pintado's case is completed. Id. at Exh. E.

29. On July 7, 2008, Petitioner Romero Pintado submitted a letter to the District Director of USCIS to inquire as to the status of the case and request that CIS expedite the case and the name check processing. As of today Petitioner has not received a response from the District Director. Id. at Exh. F.

30. Petitioners have exhausted all available administrative remedies. If CIS is unable to adjudicate Petitioners' applications before September 30, 2008, Petitioners' will not only lose their opportunity to become lawful permanent residence, but Petitioner Perez Sanchez will lose her ability to work in the United States. Id. at Exh. G.

## CAUSE OF ACTION

## COUNT ONE

## (VIOLATION OF ADMINISTRATIVE PROCEDURE ACT)

31. Paragraphs 1 through 30 are incorporated herein.

32. Respondents have violated the Administrative Procedure Act ("APA"), which provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

33. Petitioner Romero Pintado's DV-2008 lottery number became current in April 2008, and he and his wife, Petitioner Perez Sanchez applied to adjust status in April 2008. They are eligible for lawful permanent residency, based on the approved diversity visa, pursuant to 8 U.S.C. § 1153(c). See also INA § 203(c), 22 C.F.R. § 42.33, 66 Fed. Reg. 39435-37 (July 31, 2001).

34. The adjudication of Petitioners applications has been unreasonably and unlawfully delayed due to no fault of their own. Petitioners have fully and timely complied with all requests for information and interviews by USCIS. Petitioner Perez Sanchez's background check is complete, but Petitioner Romero Pintado's background check remains pending.

35. If Petitioners' applications for permanent residency are not approved by September 30, 2008, due to delays caused by the FBI or USCIS and not by any fault of their

own, they will have suffered a "legal wrong" and be "adversely affected or aggrieved" by the agency's actions. 5 U.S.C. § 702. Petitioners will be aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704. Agency action is urgently required as their Applications for Adjustment of Status <u>must</u> be adjudicated before the end of the fiscal year, September 30, 2008. Applications that are pending beyond the fiscal year that the visa was to be granted have been unsuccessful. See e.g. Carillo-Gonzales v. INS, 353 F.3d 1077(9th Cir. 2003) ("Aliens are eligible to receive diversity visas through the DV Lottery Program only through the <u>end</u> of the specific fiscal year for which they were selected. The one-year statutory deadline is <u>not</u> amenable to equitable tolling" (emphasis added); see also 8 U.S.C. § 1154(a) (1)(G)(ii)(II) ("Aliens are eligible to receive diversity visas through the DV Lottery Program <u>only through the end</u> of the specific fiscal year for which they were selected. (emphasis added); 22 C.F.R. § 42.33(a)(1) ("Under no circumstances may a consular officer issue a visa or other documentation to an alien after the end of the fiscal year during which an alien possesses diversity visa eligibility.") Based on governing regulations and Ninth Circuit precedent, it is clear that action is required before the fiscal year ends.

36. Petitioners are, therefore, entitled to injunctive relief to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1)

### COUNT TWO

### (MANDAMUS)

37. Paragraphs 1 through 36 are incorporated herein.

38. Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act. See Donovan v. United States, 580 F.2d 1203, 1208 (3d Cir. 1978).

Petition for Writ of Mandamus                    7                    No. _____

39. Respondents have unreasonably and unlawfully delayed in adjudicating Petitioners' DV-2008 lottery based applications for adjustment of status. Respondents have a duty to act upon the applications and have failed to do so in a reasonable time or manner. See e.g. Patel v. Reno, 130 F.3d 929 (9th Cir. 1997). Respondents have thus violated the Immigration and Nationality Act. See INA § 203(c), 22 C.F.R. § 42.33, 66 Fed. Reg. 39435-37 (July 31, 2001).

40. Petitioners have exhausted all other available remedies. They have "no other adequate means to attain the relief [they] desire." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Their right to issuance of the writ is therefore "clear and indisputable." Id.

### PRAYER FOR RELIEF

WHEREFORE, Petitioners prays that this Court grant the following relief:

(1)  Assume jurisdiction over this matter;

(2)  Order that the FBI expedite their background name check process;

(3)  Order that USCIS adjudicate Petitioners' applications for permanent residency before September 30, 2008, and that such applications not be denied by USCIS solely due to any alleged fact that the background checks have not been completed;

(4)  Award reasonable costs and attorneys' fees; and

(5)  Grant such further relief as the Court deems just and proper.

Dated: July 30, 2008

Respectfully submitted,

Zachary Nightingale
Avantika Shastri

Petition for Writ of Mandamus    8    No. _____

| | |
|---|---|
| 1 | |
| 2 | Van Der Hout, Brigagliano & Nightingale, LLP |
| 3 | 180 Sutter Street, Fifth Floor San Francisco, California 94104 |
| 4 | Telephone: (415) 981-3000 Facsimile: (415) 981-3003 |
| 5 | Email: ndca@vblaw.com |
| 6 | Attorneys for Petitioners |
| 7 | Enrique Romero Pintado Monica Perez Sanchez |

By: _____
Zachary Nightingale

Petition for Writ of Mandamus                    9                    No. _____

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Enrique ROMERO PINTADO
Monica PEREZ SANCHEZ

## DEFENDANTS
In their Official Capacity: Michael CHERTOFF, Jonathan SCHARFEN, Rosemary MELVILLE, Michael MUKASEY, Robert MUELLER

**(b)** County of Residence of First Listed Plaintiff: Monterey
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Zachary Nightingale and Avantika Shastri
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor, San Francisco, CA 94104
(415) 981-3000

Attorneys (If Known): Office of the U.S. Attorney
Northern District of California
450 Golden Gate Avenue, Fl. 10, Box 36055
San Francisco, CA 94102
(See Attachment)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [X] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1361, 28 U.S.C. § 2201 and 5 U.S.C. § 702
Brief description of cause:
IMMIGRATION MANDAMUS CASES

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: 7/30/08
SIGNATURE OF ATTORNEY OF RECORD

Attachment to Civil Cover Sheet

Plaintiffs: Enrique Romero Pintado and Monica Perez Sanchez

Defendants: Michael CHERTOFF, Jonathan SCHERFEN, Rosemary MELVILLE, Michael MUKASEY, Robert MUELLER

Additional Attorney for Defendants
Office of the United States Attorney
Northern District of California
280 South First Street, Room 371
San Jose, CA 95113-3005